DAVID F. MCDOWELL (CA SBN 125806)
JACOB M. HARPER (CA SBN 259463)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454
Email: DMcDowell@mofo.com
JacobHarper@mofo.com

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD CULLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No.   5:11-cv-01199-EJD<br><br>**DEFENDANT NETFLIX, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** |

1   Defendant Netflix, Inc. respectfully requests that the Court take judicial notice of the
2   following document in support of its Motion to Dismiss the Third Amended Complaint:

3   **Exhibit A.**  Plaintiff Donald Cullen's letter to Netflix of March 2, 2011, which purports to
4   comply with Cullen's obligation to provide 30-days' notice of all facts that may support a claim
5   under the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("Demand Letter").

6   The Demand Letter is referenced in Cullen's Third Amended Complaint (the subject of
7   Netflix's concurrently filed motion to dismiss) and is properly subject to the Court's
8   consideration. (*See, e.g.*, TAC ¶¶ 86, 87 [relying on Demand Letter in support of CLRA claim]);
9   Fed. R. Evid. 201 (b)(2) & (c); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)
10  ("a court may consider a writing referenced in a complaint but not explicitly incorporated therein
11  if the complaint relies on the document and its authenticity is unquestioned."); *Parrino v. FHP,*
12  *Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (court may take judicial notice of documents "whose
13  contents are alleged in a complaint and whose authenticity no party questions, but which are not
14  physically attached to the [plaintiff's] pleading"); *Gens v. Wachovia Mortg. Corp.*, No. 10-CV-
15  01073, 2011 U.S. Dist. LEXIS 49709, at *6, *10–12 (N.D. Cal. May 10, 2011) (taking judicial
16  notice of letters and other documents referenced in, and thus incorporated by reference into,
17  complaint).

18  For the foregoing reasons, Netflix respectfully requests that the Court take judicial notice
19  of Cullen's Demand Letter.

Dated:     August 20, 2012        DAVID F. MCDOWELL
                                  JACOB M. HARPER
                                  MORRISON & FOERSTER LLP

                                  By:      /s/ David F. McDowell
                                           David F. McDowell
                                           Attorneys for Defendant
                                           NETFLIX, INC.
3185553

# Exhibit A

# THE WESTON FIRM

888 Turquoise Street | San Diego, CA 92109

TEL: 858-488-1672
FAX: 480-247-4553
www.thewestonfirm.com

**Via Certified Mail, Return Receipt Requested**

March 2, 2011

To:   Mr. Reed Hastings
   Chairman, and CEO, Netflix, Inc.
   100 Winchester Circle
   Los Gatos, CA 95032

   Netflix, Inc. c/o National Registered Agents, Inc.
   2875 Michelle Drive, Suite 100
   Irvine, CA 92606

Re:   CLRA Demand Letter, Notice of Anticipated Litigation and Duty to Preserve Evidence

Dear Mr. Hastings and Netflix, Inc.,

On behalf of Netflix, Inc. ("Netflix") **PLEASE TAKE NOTICE** that this letter constitutes the 30-day notice required before a suit for damages may be filed under the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"). Our client, Donald Cullen, is deaf and has been a Netflix member since May 2009. Mr. Cullen relied on Netflix's promises to subtitle a substantial portion of its library of streaming video within a reasonable period to maintain his subscription, and has been harmed by Netflix's failure to do so. Further, because Mr. Cullen is effectively prevented from using Netflix's streaming video library, he must purchase a DVD subscription at a premium of at least $1 per month versus Netflix's streaming-only plan which the hearing enjoy.

On behalf of himself, all others similarly situated, and the general public, our client hereby demands that you remedy this violation of the CLRA and other California consumer laws within 30 days of your receipt of this letter.

If you do not take prompt corrective action, including subtitling substantially all of Netflix's library of streaming video and instituting a program to refund deaf and hard-of-hearing Netflix members for their lack of access to a useable library, our client, on behalf of himself, all others similarly situated, and the general public, will seek damages under the CLRA against Netflix, seeking to compel you to take these steps as well as seeking statutory and/or punitive damages as provided for by federal and California law.

Gregory S. Weston, Esq. | greg@westonfirm.com | 858-488-1672

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. See, e.g., *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 175 (S.D.N.Y. 2004); *Computer Assoc. Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). Our firm anticipates that all e-mails, letters, reports, internal corporate instant messages, and records that relate to the Netflix's subtitling practices and related representations and policies will be sought in the forthcoming discovery process. You therefore must inform any employees, contractors, and third-party agents to preserve all such relevant information.

Very truly yours,

*/s/ Gregory S. Weston/*

Gregory S. Weston, Esq.