UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD CULLEN, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>           Defendant. | Case No.: 5:11-CV-01199-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>**[Re: Docket Nos. 75, 78]** |

Presently before the Court are the parties' motions for attorneys' fees and costs. The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. Having fully reviewed the parties' papers the Court now issues the following rulings.

I.   **Background**

Detailed factual background and procedural history have been provided in this Court's Order Granting Defendant's Motion to Dismiss the Second Amended Complaint ("SAC Order") (see Docket Item No. 50) and Order Granting's Defendant's Motion to Dismiss the Third Amended

1
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Complaint ("TAC Order") (see Docket Item No. 68). The Court will provide background pertinent to the present motions.

This putative class action was initiated by Plaintiff Donald Cullen ("Plaintiff" or "Cullen"), a deaf individual, on March 11, 2011. Plaintiff has argued that Defendant Netflix Inc. ("Defendant" or "Netflix"), an online provider of video programming, provided insufficient accommodations to deaf subscribers and a lack of adequate support tools for deaf persons.

On March 11, 2011, Plaintiff filed the original Complaint. See Docket Item No. 1. This Complaint asserted that Defendant had violated the following laws: Title III of the federal Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12181 et seq.; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; the California Consumer Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code §§ 1750 et seq.; the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 et seq.; and the California Disabled Persons Act ("DPA"), Cal. Civ. Code §§ 54 et seq.

On April 9, 2011, Plaintiff filed the First Amended Complaint ("FAC"), which asserted violations of the same statutes as did the original Complaint. See Docket Item No. 5. After Netflix filed a Motion to Dismiss the FAC, Plaintiff filed the Second Amended Complaint ("SAC") on September 5, 2011. See Docket Item No. 26. The SAC dropped the ADA claim and asserted violations of the UCL, FAL, CLRA, Unruh Act, and DPA. In an Order dated July 13, 2012, the Court dismissed the SAC in its entirety with leave to amend. See SAC Order.

On August 3, 2012, Plaintiff filed the Third Amended Complaint ("TAC"), which dropped the Unruh Act and DPA claims but asserted claims of violations of the UCL, FAL, and CLRA. See Docket Item No. 52. In an Order dated January 10, 2013, the Court dismissed the TAC in its entirety without leave to amend and entered judgment in favor of Defendant Netflix. See Docket

Item Nos. 68, 69. Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals on January 14, 2013.[1] See Docket Item No. 70.

The parties filed their Motions for Attorney's Fees on February 7, 2013. Plaintiff seeks $262,641.00 in fees and $2,167.35 in costs. See Pl.'s Mot. for Attorney's Fees, Docket Item No. 75. Netflix seeks $167,074.59 in fees. See Def.'s Mot. for Attorney's Fees, Docket Item No. 78.

## II. Legal Standard

"Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). "However, in order to encourage private enforcement of the law[,] Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee shifting' statute." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

"District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id.

## III. Plaintiff Cullen's Motion for Attorney's Fees

Plaintiff argues that he is entitled to attorney's fees under what he considers to be three "fee-shifting" statutes: the CLRA, the DPA, and the California Private Attorneys General Act ("PAGA") of 2004. The CLRA provides that the court "shall award court costs and attorney's fees

---

[1] This Court has jurisdiction to consider the motions for attorney's fees notwithstanding Plaintiff's pending appeal. See Cazares v. Barber, 959 F.2d 753, 755–56 (9th Cir. 1992).

3
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES

1    to a prevailing plaintiff in a litigation filed pursuant to this section." Cal. Civ. Code § 1780(e). The
2    DPA provides that the "prevailing party in the action shall be entitled to recover reasonable
3    attorney's fees." Id. § 55. The PAGA provides that a court may award attorney's fees to a
4    "successful party" in a public interest action. Cal. Code of Civ. P. § 1021.5.

5    Plaintiff contends that he is the "prevailing" and "successful" party in this action under a
6    theory that his action was a "catalyst motivating Netflix's changed behavior." See Pl.'s Mot. for
7    Att'y's Fees 9. In support of this argument, Plaintiff points to a separate action against Netflix
8    brought by the National Association of the Deaf ("NAD") before the United States District Court
9    for the District of Massachusetts. See Nat'l Ass'n of the Deaf v. Netflix, Inc., No. 11-cv-30168 (D.
10   Mass. Filed June 16, 2011). Plaintiff argues that the allegations in that case were virtually identical
11   to the allegations in his lawsuit. Pl.'s Mot. for Att'y's Fees 3–4. On October 9, 2012, NAD and
12   Netflix filed a Motion to Approve Consent Judgment, which was approved by the court. The
13   Consent Decree requires Netflix to, among other things: (a) caption 90% of hours streamed in the
14   United States by September 30, 2013 and 100% by September 30, 2014; and (b) maintain on its
15   website a list or similar identification of On-Demand Streaming Content with Conforming
16   Captions and Subtitles and provide an option to either sort or filter the list by title, year, maturity
17   rating, and genre. See Consent Decree, Nat'l Ass'n of the Deaf, No. 11-cv-30168. Plaintiff Cullen
18   contends that this was the relief he had sought in his initial suit before this Court. Pl.'s Mot. for
19   Att'y's Fees 5. He also argues that he and his counsel played a role in the litigation strategy and
20   settlement negotiations in that case. Id. at 10–11 ("Mr. Cullen and his counsel were involved in the
21   strategic decisions enabling in the Consent Decree to be reached."). For these reasons, Plaintiff
22   argues, he is the successful and prevailing party in the present action against Netflix and is thus
23   entitled to the appropriate attorney's fees. Id.

24   The Court disagrees with Plaintiff's line of reasoning. When explicating the "catalyst
25   theory" of fee recovery, the California Supreme Court has held the following:

> In order to obtain attorney fees without such a judicially recognized change in the
> legal relationship between the parties, a plaintiff must establish that (1) the lawsuit

4
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES

> was a catalyst motivating the defendants to provide the primary relief sought; [and] (2) that the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense . . . .

Tipton-Whittingham v. City of Los Angeles, 34 Cal. 4th 604, 608 (2004). With regard to the first requirement, Plaintiff fails to establish a "causal connection" between the present lawsuit and the Consent Decree of the Nat'l Ass'n of the Deaf suit. See Californians for Responsible Toxics Mgmt. v. Kizer, 211 Cal. App. 3d 961, 966 (1989) ("Before a plaintiff may receive an award under section 1021.5 he must demonstrate a causal connection between his action and the relief achieved."). Contrary to Plaintiff's contention, NAD's motivation to file its suit was not the result of Plaintiff Cullen's filing the present suit. See Def.'s Opp'n to Pl.'s Mot. for Att'y's Fee 4–5. In fact, as Netflix notes, it was NAD who reached out to Plaintiff about the possibility of initiating litigation against Netflix in late 2010. See Decl. of D. McDowell in Supp. of Def.'s Opp'n to Pl.'s Mot. for Att'y's Fees. In addition, as Plaintiff admits in his Motion for Attorney's Fees, NAD and Netflix negotiated the agreement directly and without Cullen's participation. See Pl.'s Mot. for Att'y's Fees 5 (". . . Mr. Cullen's counsel discussed being involved in settlement negotiations with both Netflix and the NAD, through their counsel, though neither provided insight into their discussions nor invited Mr. Cullen to participate . . . ."). And finally, Plaintiff does not show that his lawsuit before this Court played any role in the settlement negotiations in the Nat'l Ass'n of the Deaf suit or acted as motivation for Netflix's agreeing to the settlement with NAD.

Plaintiff's reasoning also fails to meet the second requirement of the "catalyst theory." "Attorney fees should not be awarded for a lawsuit that lacks merit, even if its pleadings would survive a demurrer." Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553, 576 (2004); see also Macias v. Mun. Court, 178 Cal. App. 3d 568, 580 (1986) (reversing an award of fees to plaintiff based on the catalyst theory on the grounds that the case had been dismissed because "[n]either the statute nor the case law authorize the award of attorney fees to a party who has been adjudicated the loser."). This is not the case where Plaintiff voluntarily withdrew his complaint or where the case settled after passing the motion to dismiss phase of litigation; Plaintiff's suit was dismissed by the Court and ultimately with prejudice.

5
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

For these reasons, the Court finds that Plaintiff was not a "prevailing" or "successful" party for the purpose of attorney's fees.

**IV.     Defendant Netflix's Motion for Attorney's Fees**

The "fee-shifting" statute Netflix points to in support of its Motion for Attorney's Fees is the DPA, which provides that "[t]he prevailing party in [a § 54 or 54.1 action] shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. Netflix seeks only to recover those fees it incurred in defending against Plaintiff's DPA and Unruh Act claims, which it has apportioned from the fees incurred in defending against Plaintiff's other claims. Netflix argues that it is the "prevailing party" in this action as the Court has entered two orders dismissing Plaintiff's pleadings and judgment in Netflix's favor.

The California Civil Procedure Code has defined a "prevailing party" for the purposes of fees and costs statutes like § 55 as, inter alia, "a defendant in whose favor a dismissal is entered" and "a defendant as against those plaintiffs who do not recover any relief against that defendant." Cal. Civ. P. Code § 1032(a)(4). However, "section 1032 does not purport to define the term 'prevailing party' for all purposes." Galan v. Wolfriver Holding Corp., 80 Cal. App. 4th 1124, 1128 (2000); see also Heather Farms Homeowners Ass'n, Inc. v. Robinson, 21 Cal. App. 4th 1568, 1572 (1994) ("[A] litigant who prevails under the cost statute is necessarily the prevailing party for purposes of attorney fees, has been uniformly rejected by the courts of this state."). As such, courts have "discretion to determine whether there was a prevailing party 'on a practical level.'" Edwards v. Princess Cruise Lines, Ltd., 471 F. Supp. 2d 1032, 1034 (N.D. Cal. 2007) (quoting Galan, 80 Cal. App. 4th at 1129). The California Supreme Court has held that "the determination that a defendant is a prevailing party is generally discretionary." Jankey v. Song Koo Lee, 55 Cal.4th 1038, 1046 (2012), cert. denied, 12-956, 2013 WL 395483 (U.S. Apr. 15, 2013); see also Goodman v. Lozano 47 Cal.4th 1327, 1332 (2010). Moreover, § 1032 itself provides for this judicial discretion in awarding attorney's fees: the statute's definition of a "prevailing party" applies

6
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES

"unless the context clearly requires otherwise." Cal. Civ. P. Code § 1032(a)(4); see also Edwards, 471 F. Supp. 2d at 1035 (interpreting the "unless the context clearly requires otherwise" language as granting courts discretion in applying the text of the statute); Lawler v. Jacobs, No. A096663, 2003 WL 1440209, at *4 (Cal. Ct. App. Mar. 21, 2003) (unpublished) ("[S]ection 1032 ultimately reserves to the court the final determination of who, if anyone, prevailed.").

Given the discretion afforded to courts in awarding attorney's fees, the Court has determined that Defendant has not "prevailed" on the DPA claim for the purposes of awarding attorney's fees.[2] There is no indication that Plaintiff filed his DPA claims in bad faith or with no reasonable bases in law or fact. See Edwards, 471 F. Supp. 2d at 1035 (using this notion as rationale for denying attorney's fees to the defendant). Plaintiff filed suit under the DPA (and other statutes) not only to rectify an alleged harm on his own behalf, but also to serve a greater purposes in the form of establishing certain civil rights standards and thresholds on behalf of a class of disabled individuals. The United States Supreme Court has explained that differing standards for awarding attorney's fees are appropriate to advance "the important policy objectives of the Civil Rights Statutes, and the intent of Congress to achieve such objectives through the use of plaintiffs as private attorney[s] general." Fogerty v. Fantasy, Inc., 510 U.S. 517, 523 (1994) (internal quotation marks and citations omitted); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980). While in that case, the Court was referring to federal civil rights statutes, Defendant has not sufficiently argued why that rationale should be different for California state civil rights statutes. See Edwards, 471 F. Supp. 2d at 1034–35. Defendant merely states that the "bad faith" or "frivolous" standard for denying fees applies to the federal ADA and not the state DPA, yet provides no rationale or precedent to support this argument. See Def.'s Reply in Supp. of Mot. for Att'y's Fees 8. As a further showing of the non-frivolous nature of Plaintiff's suit, the Court refers to the Nat'l Ass'n of the Deaf case in the District of Massachusetts in which Netflix's motion for

---

[2] The Court reasserts its conclusion that Plaintiff is also not the prevailing party on the DPA claim for the purposes of attorney's fees. Cf. Edwards, 471 F. Supp. 2d at 1034 (finding that neither party had "prevailed" on a DPA claim for the purposes of awarding fees).

7
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES

1  judgment on the pleadings involving similar claims as here was denied.[3] See 869 F. Supp. 2d 196
2  (D. Mass. 2012).

3  Additionally, the Court notes that Plaintiff's DPA claim was not dismissed with prejudice
4  in either the SAC Order or the TAC Order. After the DPA claim was dismissed with leave to
5  amend by the SAC Order, Plaintiff elected not to reassert that claim in his TAC. Given the Court's
6  discretion regarding attorney's fees, the fact that Plaintiff chose to withdraw that claim is further
7  support for this Court's conclusion that Netflix has not "prevailed" on that claim for the purposes
8  of awarding attorney's fees. Cf. Doran v. Holiday Quality Foods, Inc., No. Civ.S 99 0386 WBS
9  DA, 2003 WL 24205917 (E.D. Cal. Oct. 8, 2003) (concluding that the defendant was not the
10 "prevailing party" on the plaintiff's voluntarily dismissed DPA claim).

11 Netflix heavily relies upon the California Supreme Court's ruling in Jankey v. Song Koo
12 Lee, 55 Cal.4th 1038 (2012), in support of its position. That case involved an individual wheelchair
13 user who sued the operator of a grocer under the DPA and Unruh Act for failure to make
14 appropriate accommodations to wheelchairs. Id. After entering summary judgment in favor of the
15 defendant and determining that the defendant was the "prevailing party" for the purposes of
16 attorney's fees, the trial court concluded that the defendant was entitled to a mandatory fee award
17 under the DPA's fee-shifting provision (Cal. Civ. Code § 55). The Supreme Court affirmed this
18 determination: "[O]nce a trial court determines that a defendant qualifies, the language of section
19 55 mandates a fee award: a prevailing party 'shall be entitled' to reasonable fees." Id. at 1046
20 (quoting Cal. Civ. Code § 55).

21 The Jankey decision, however, is distinguishable from the one presently before the Court.
22 In Jankey the California Supreme Court affirmed the awarding of attorney's fees to the defendant
23 only after the trial court had already determined that the defendant was the "prevailing party." Id. at
24 1045–46. At issue before the Supreme Court on appeal was whether the defendant—having already
25 been found by the trial court to be the "prevailing party"— was entitled to mandatory attorney's fee

---

[3] The Court points to this case not as an argument that Plaintiff Cullen was a "prevailing party," but rather as support for the notion that Plaintiff's suit was not frivolous or filed in bad faith.

8
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES

awards as provided in the DPA's fee-shifting provision. The Supreme Court did not review the trial court's determination that the defendant was a prevailing party. In fact, as noted, the Court held that the trial courts have discretion when determining whether a party is the "prevailing party" for the purposes of attorney's fees awards. Id. at 1046 ("[T]he determination that a defendant is a prevailing party is generally discretionary."). In Jankey, the Court only decided whether a trial court's discretionary determination about whether a party is a prevailing party mandates attorney's fees. Here, as explained, the Court is using that discretion to make a determination as to whether Netflix is the "prevailing party" for the purposes of the DPA's fee-shifting provision. As explained, the Court has determined that Netflix is not.

## V. Conclusion and Order

For the foregoing reasons, the Court DENIES Plaintiff Cullen's Motion for Attorney's Fees and DENIES Defendant Netflix's Motion for Attorney's Fees.

**IT IS SO ORDERED.**

Dated: May 1, 2013



EDWARD J. DAVILA
United States District Judge

9
Case No.: 5:11-CV-01199-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES